**MIN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| NAVJOT SINGH,<br><br>Petitioner,<br><br>-vs-<br><br>WARDEN, DIAMONDBACK CORRECTIONAL FACILITY, OKLAHAOMA, et al.,<br><br>Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | NO. CIV-26-2367-HE |

**ORDER**

Petitioner Navjot Singh, a native and citizen of India, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging the legality of his detention by United States Immigration and Customs Enforcement. He is currently detained at Diamondback Correctional Facility in Watonga, Oklahoma.

In his petition, petitioner asserts, in part, that his mandatory detention under 8 U.S.C. § 1225(b)(2)(A) is in violation of the Immigration and Nationality Act. As relief, petitioner requests immediate release with reasonable conditions of supervision, if necessary, or a bond hearing at which the government bears the burden of proving flight risk or dangerousness by clear and convincing evidence.

As ordered, the federal respondents have responded to the petition. They initially assert that the petition should be dismissed for petitioner's failure to exhaust administrative remedies because he did not request a bond redetermination hearing before the immigration court. If the court rules otherwise, respondents acknowledge, without waiving appellate review or conceding the issue, that the Tenth Circuit's recent decision in Santillan Quiroz

v. Mullin, 180 F.4th 1226 (10th Cir. 2026), controls this matter. They request any order be limited to ordering a prompt bond hearing within seven days.

Upon review, the court declines to dismiss the petition based upon petitioner's failure to exhaust administrative remedies prior to this action. The federal respondents have not disputed that petitioner was being detained pursuant to 8 U.S.C. § 1225(b)(2)(A), rather than 8 U.S.C. § 1226(a), and therefore ineligible for a bond hearing. It was not until petitioner filed this action that respondents agreed, without waiving appellate review or conceding the issue, he was entitled to a bond hearing under Tenth Circuit precedent. Further, the practice of this court has been to address the issue of entitlement to an initial bond hearing under § 1226(a) without requiring an exhaustion of administrative remedies.

Turning to the merits, the court concludes that the Santillan Quiroz decision applies to this matter. The court concludes petitioner's detention is governed by 8 U.S.C. § 1226(a), rather than 8 U.S.C. § 1225(b)(2)(A), and petitioner is entitled to a bond hearing pursuant to § 1226(a). The court will grant the petition in part,[1] and will order respondents to provide petitioner with a bond hearing pursuant to § 1226(a) within seven (7) days or otherwise release him if no hearing is held within that time.[2] While petitioner requests that, at the bond hearing, the government bear the burden of proving flight risk or dangerousness

---

[1] *Given the court's ruling, the court need not address petitioner's remaining claims in Counts One through Five. Those claims will be dismissed without prejudice.*

[2]*See Santillan Quiroz, 180 F.4th at 1251 n. 13 ("Because [petitioner] can properly be subject to detention under § 1226(a), [], the district court shall order the Government to, within seven days of such order, either provide him with a bond hearing or else release him.")*

by clear and convincing evidence, the court declines to order the request. The Immigration and Nationality Act does not place the burden of proof on the government. Further, this court has concluded that a petitioner is not entitled, as a matter of Fifth Amendment due process, to a bond hearing at which the burden of proof is on the government. Singh v. Mullin, Case No. CIV-26-712-HE, Order dated June 18, 2026, doc. #13.

Accordingly, the petition for writ of habeas corpus under 28 U.S.C. § 2241 is **GRANTED in part**. The petition is granted as to Count One to the extent that petitioner seeks habeas relief as being detained without a bond hearing in violation of the Immigration and Nationality Act. Respondents are **ORDERED** to provide petitioner with a bond hearing under 8 U.S.C. § 1226(a) within **seven (7) days** or otherwise release petitioner if he has not received a lawful bond hearing within that period.

Respondents are further **ORDERED** to certify compliance by filing a status report within **ten (10) days** of the court's order.

Counts Two, Three, Four, and Five of the petition are **DISMISSED WITHOUT PREJUDICE**.

A separate judgment will be entered.

**IT IS SO ORDERED**.

Dated this 6th day of October, 2026.

JOE HEATON
UNITED STATES DISTRICT JUDGE